UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION
CIVIL ACTION NO. _____

*Electronically Filed*

BRITTANY CARNES, KESHIA BROWN,
VALERIE HALL, and ASHLEY CONN                                                              PLAINTIFFS

v.

JORDAN HALL,
    Serve:  Jordan Hall
              4408 Upper Johns Creek
              Kimper, KY  41539

KELLWELL FOOD MANAGEMENT, INC.,
    Serve:  Joseph Broadwell
              P.O. Box Z
              Beattyville, KY  41311

PIKE COUNTY FISCAL COURT,
d/b/a Pike County Detention Center
    Serve:  Hon. Ray S. Jones, II
              Pike County Judge Executive
              146 Main Street
              Pikeville, KY  41501

and

BRIAN MORRIS, Individually and in his official                                              DEFENDANTS
capacity as Jailer of Pike County, Kentucky
    Serve:  Brian Morris, Jailer
              Pike County Detention Center
              172 Division Street
              Pikeville, KY  41501

---

## COMPLAINT

---

      Come now the Plaintiffs, Brittany Carnes, Keshia Brown, Valerie Hall, and Ashley Conn, and for their claims and causes of action against Defendants Jordan Hall, KellWell Food Management, Inc., Pike County Fiscal Court d/b/a Pike County Detention Center, and Brian

Morris, Individually and in his official capacity as Jailer of Pike County, Kentucky, and state as follows:

## Introduction

1. Plaintiffs are inmates of the Pike County Detention Center ("PCDC"), and complain of the egregious and unjustifiable treatment by Defendants named in the caption above. As more specifically set forth below, Plaintiffs, during their incarceration at the Pike County Detention Center and while working on the kitchen service managed and operated by Defendant KellWell Food Management, Inc. ("KellWell"), were repeatedly victims of rape, sodomy, sexual assault, and/or sexual harassment by Defendant Jordan Hall. Plaintiffs were also provided illegal contraband, namely drugs and alcohol, and were pressured to use such substances by Defendant Jordan Hall. Plaintiffs were generally victims of a hostile, uncomfortable, and/or pressured environment during their incarceration at PCDC and while working in the kitchen managed and operated by Defendant KellWell Food Management, Inc. Defendant KellWell Food Management, Inc. had a contract with Pike County Detention Center to provide complete meal service operations for the PCDC inmate population. It is the purpose of this action to recover the damages Plaintiffs have sustained as a result of Defendants' conduct, and punitive damages to punish Defendants' conduct and forever deter its repetition.

## Jurisdiction and Venue

2. Plaintiffs seek damages from Defendants under the Civil Rights Act of 1871, 42 U.S.C. § 1983, for gross and unconscionable violations of the rights, privileges, and immunities guaranteed to Plaintiffs by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States. Accordingly, this Court has jurisdiction of this case pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343. Plaintiffs also seek damages for negligence, gross negligence, outrageous conduct, negligent hiring, negligent retention, negligent supervision, and

intentional infliction of emotional distress under Kentucky common law. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Pike County, Kentucky is the location of all acts pertinent to this suit, and venue is therefore proper in this Court.

## Parties

3. Plaintiff, Brittany Carnes, is and was at all times relevant herein an inmate at the Pike County Detention Center in Pikeville, Pike County, Kentucky.

4. Plaintiff, Keshia Brown, is and was at all times relevant herein an inmate at the Pike County Detention Center in Pikeville, Pike County, Kentucky.

5. Plaintiff, Valerie Hall, is and was at all times relevant herein an inmate at the Pike County Detention Center in Pikeville, Pike County, Kentucky.

6. Plaintiff, Ashley Conn, is and was at all times relevant herein an inmate at the Pike County Detention Center in Pikeville, Pike County, Kentucky.

7. Defendant, Jordan Hall, is and was at all times relevant herein, a resident of 4408 Upper Johns Creek, Kimper, Pike County, Kentucky 41539.  Defendant Hall is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

8. Defendant, KellWell Food Management, Inc., is a Kentucky corporation with a principal address of P.O. Box Z, Big Hill Drive, Suite 1, Beattyville, Kentucky 41311, and its agent for service of process being Joseph Broadwell, P.O. Box Z, Beattyville, Kentucky 41311. Defendant KellWell is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

9. Defendant, Pike County Fiscal Court, is and was at all times relevant herein, a county government organized pursuant to the laws of the Commonwealth of Kentucky, with a principal address of 146 Main Street, Pikeville, Kentucky 41501, and its agent for service of process being Hon. Ray S. Jones, II, Pike County Judge Executive, 146 Main Street, Pikeville, Kentucky 41501. Pike County Detention Center is a county jail, operated by the Pike County Fiscal Court. Defendant Pike County Fiscal Court d/b/a Pike County Detention Center is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

10. Defendant, Brian Morris, is and was at all times relevant herein, a resident of Pike County, Kentucky, with an employment mailing address of 172 Division Street, Pikeville, Kentucky 41501. Defendant Morris is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. At all times relevant herein, Defendant Brian Morris was acting individually and/or in his official capacity as the Jailer of Pike County, Kentucky, and as such established policies either formally or by custom for, and was responsible for the employment, training, supervision, and conduct of the officers, employees, and independent contractors of the Pike County Detention Center.

## Nature of Defendants' Conduct

11. At all times relevant herein, Plaintiffs, inmates at PCDC, were victims of sexual assault, sexual harassment, rape, and/or sodomy perpetrated by Defendant Hall, an employee of KellWell.

12. At all times relevant herein, Defendant Hall, procured illegal contraband, brought said contraband into the PCDC, provided said contraband to Plaintiffs, and used said contraband to pressure, manipulate, and victimize Plaintiffs.

13. Upon information and belief, Defendant Hall supervised the 1st shift inmate kitchen staff approximately two (2) days per week from approximately November 2021 through February 2022.

14. Plaintiffs were assigned to work 1st Shift inmate kitchen staff during the time period alleged herein.

15. Plaintiffs sue for injures arising from encounters with Defendant Hall which extended over an approximate three (3) month period (December 2021 through February 2022).

16. Plaintiffs bring suit against KellWell, Pike County Fiscal Court d/b/a as PCDC, and Brian Morris, individually and jointly, for their direct and indirect action(s), their decisions and non-decisions, their failures to prevent the promotion/use of contraband and sexual assaults, and their maintenance of flawed policies all of which combined to create a culture within PCDC that helped facilitate the promotion/use of contraband and sexual batteries.

17 Plaintiffs allege that Defendants, individually and jointly with one another, engaged in negligent, reckless and wanton conduct described herein under color of the law, thereby violating their rights protected by the Commonwealth of Kentucky and protected by the laws and the Constitution of the United States of America.

18. Defendants knowingly participated or otherwise contributed to, encouraged, implicitly authorized, approved, and/or ratified the conduct described herein.

19. Defendant Hall's conduct was intentional and grossly negligent, indicative of malice towards Plaintiffs and represented deliberate and reckless disregard for, and an indifference to their lives and their Constitutional and common-law rights and justifies an award of punitive damages in addition to the actual damages Plaintiffs are entitled to recover.

## Facts

20.  At all times relevant herein, Pike County Fiscal Court operated the Pike County Detention Center, a county jail housing inmates in Pikeville, Pike County, Kentucky.

21.  At all times relevant herein, Defendant Morris, was the Jailer of Pike County, Kentucky and as such responsible for the custody, supervision, and treatment of inmates, officers, employees, and/or contractors at the Pike County Detention Center.

22.  At all times relevant herein, Defendant KellWell Food Management, Inc. was under contract with the Pike County Fiscal Court/Pike County Detention Center to provide kitchen and food management services for PCDC. As part of this contract with the Pike County Detention Center, Defendant KellWell Food Management, Inc. and their agents, officers, and/or employees were responsible for the custody, supervision, and treatment of inmates at the Pike County Detention Center.

23.  Defendant Hall, at all times relevant herein, was employed by and was under the supervision and/or control of Defendants, KellWell Food Management, Inc. and Morris, which had a duty to persons incarcerated at the Pike County Detention Center to provide a reasonably safe environment during incarceration and/or while working on kitchen service, and to employ properly screened, trained, and supervised staff.

24.  As incarcerated persons, Plaintiffs Carnes, Brown, Hall, and Conn were totally dependent on the individually named Defendants and the rest of the PCDC staff for their health, safety, and welfare.

25.  Promotion of illegal contraband to inmates by correctional officers, detention center staff, and/or contractors in a well-known problem in prisons and jails.

26. Sexual abuse is a well-known risk to vulnerable inmates in prisons and jail.

27. Effective in 2003, The Federal Prison Rape Elimination Act ("PREA") established a zero-tolerance mandate for sexual abuse of inmates in the nation's carceral facilities.

28. Detailed procedures must be implemented to comply with the PREA and protect inmates from the well-established risk of harm.

29. Defendants failed to fully implement PREA as required by federal and state laws and regulations, leaving Plaintiffs, and other similarly situated female inmates especially vulnerable to sexual abuse.

30. Plaintiffs Carnes, Brown, Hall, and Conn have a right to free be from physical abuse, harassment, sexual assault, assault, battery, false imprisonment, and intentional infliction of emotional distress while incarcerated at the Pike County Detention Center.

31. Beginning on or about late November/early December 2021, Plaintiffs were assigned to 1st shift kitchen duty at the Pike County Detention Center under the supervision of Defendant Jordan Hall.

32. Defendant Hall would supervise the 1st shift inmate kitchen staff approximately two (2) days per week from approximately November 2021 through February 2022.

33. When supervising inmates at PCDC, including Plaintiffs, Defendant Hall would bring into the facility illegal contraband, namely intoxicating agents such as alcohol, opioid pills, marijuana, and THC gummies, and provide them to female inmates, including Plaintiffs.

34. When supervising inmates at the PCDC, including Plaintiffs, Defendant Hall would encourage, pressure, and/or coerce Plaintiffs to use these intoxicating agents during their kitchen duty shifts.

32. Beginning on or about December 2021 and lasting through February 2022, Plaintiffs were on numerous occasions abused, harassed, raped, and/or sodomized by Defendant Hall.

33. Defendant Hall lured, threatened, and coerced Plaintiffs into these sexual acts and uses of illegal contraband. He further threatened Plaintiffs not to tell anyone and told them that if they did tell anyone, there would be negative repercussions for the Plaintiffs.

34. On or about April 14, 2022, a Pike County Grand Jury indicted Defendant Jordan Hall on five counts of rape, third degree; three counts of sodomy, third degree, and four counts of promoting contraband, first degree. Plaintiffs Carnes, Brown, and Hall were named as victims in the indictment.

35. No reasonable employee contracted to work in a jail like the PCDC could have believed that providing illegal contraband to, sexually abusing, harassing, intimidating, and threatening citizens, entrusted in his care, custody and control, including but not limited to Plaintiffs, was lawful.

36. Upon information and belief, Defendant KellWell Food Management, Inc. failed to take adequate steps to deter the promotion of illegal contraband and/or sexual misconduct against inmates such as Plaintiffs, including failing to properly screen, train, assign, supervise, investigate, and/or discipline their employees and/or agents.

37. Defendant KellWell Food Management, Inc. and its officers, directors, agents, representatives, and/or employees knew or should have known that, as a result of their acts and/or omissions, there was a strong likelihood of misconduct and/or bodily/emotional harm and injury to female inmates, including Plaintiffs, by male staff assigned to the PCDC.

38. Upon information and belief, sexual assault, unwanted sexual advances, and other forms of improper behavior by Defendant Hall were known or should have been known to Defendant KellWell Food Management, Inc. and its officers, directors, agents, representatives, and/or employees prior to his assaults on Plaintiffs, but Defendant KellWell Food Management, Inc. did not take reasonable actions to ensure Plaintiffs' safety under Defendant Hall's supervision.

39. Upon information and belief, Defendant Pike County Fiscal Court, failed to take adequate steps to deter the promotion of illegal contraband and/or sexual misconduct against inmates such as Plaintiffs, including failing to properly screen, train, assign, supervise, investigate, and/or discipline their employees, agents, and/or contractors.

40. Defendant Pike County Fiscal Court and its officers, directors, agents, representative, and/or employees knew or should have known that, as a result of their acts and/or omissions, there was a strong likelihood of misconduct and/or bodily/emotional harm and injury to female inmates, including Plaintiffs, by male staff assigned to the PCDC.

41. Upon information and belief, sexual assault, unwanted sexual advances, and other forms of improper behavior by Defendant Hall were known or should have been known to Defendant Pike County Fiscal Court and its officers, directors, agents, representatives, and/or employees prior to his assaults on Plaintiffs, but Defendant Pike County Fiscal Court did not take reasonable actions to ensure Plaintiffs' safety under Defendant Hall's supervision.

42. Upon information and belief, Defendant Brian Morris, individually and in his capacity as Jailer of Pike County, Kentucky, failed to take adequate steps to deter the promotion of illegal contraband and/or sexual misconduct against inmates such as Plaintiffs, including failing to properly screen, train, assign, supervise, investigate, and/or discipline their employees, agents, and/or contractors.

43. Defendant Brian Morris, individually and in his capacity as Jailer of Pike County, Kentucky, knew or should have known that, as a result of his acts and/or omissions, there was a strong likelihood of misconduct and/or bodily/emotional harm and injury to female inmates, including Plaintiffs, by male staff assigned to the PCDC.

44. Upon information and belief, sexual assault, unwanted sexual advances, and other forms of improper behavior by Defendant Hall were known or should have been known to Defendant Brian Morris, individually and in his capacity as Jailer of Pike County, Kentucky, prior to his assaults on Plaintiffs, but Defendant Brian Morris, individually and in his capacity as Jailer of Pike County, Kentucky did not take reasonable actions to ensure Plaintiffs' safety under Defendant Hall's supervision.

45. The failures, acts, and/or omissions of Defendants, as set forth above, were and are a proximate cause of Plaintiffs' injuries.

46. The deprivation of constitutional rights alleged in this Complaint are the result of official policies, customs, and practices of the Defendants.

## COUNT I – CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. § 1983

### *Violations by all Defendants*

47. Paragraphs 1-46 above are incorporated herein by reference and made this Paragraph 47.

48. Defendants are and were acting under the color of state law when they undertook the actions described herein.

49. Defendants deprived Plaintiffs of their rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

50. As a result of the foregoing, Plaintiffs were deprived of the following non-exhaustive lists of rights and immunities guaranteed them by the Constitution of the United States in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1883:

   a. Their right to be secure in their person against unreasonable searches and seizures under the Fourth and Fourteenth Amendments;

   b. Their right to the equal protection of the law, procedural due process, and substantive due process secured by the Fifth and Fourteenth Amendments;

   c. Their right to be free from cruel and unusual punished secured by the Eighth and Fourteenth Amendments;

   d. Their right to be protected from harm, be free from unwanted sexual advances, unwanted touching, sexual assault, and retaliation;

   e. Their right to be protected from the harmful effects caused by drugs and alcohol while incarcerated.

51. Defendants' conduct also violated concomitant rights guaranteed by the Constitution and common laws of Kentucky.

52. Moreover, given the pre-existing law that clearly prohibited Defendants' conduct, Defendants' abuse and neglect of Plaintiffs was intentional, wanton and malicious, and indicative of Defendants' total and reckless disregard and deliberate indifference to the rights of Plaintiffs, and shocks the conscience.

### *Supervisory Liability, Failure to Train, and Final Policymaker Liability (against Defendants KellWell and Brian Morris in his Individual and Official Capacities)*

53. Paragraphs 1-52 above are incorporated herein by reference and made this Paragraph 53.

54. As a result of Defendant KellWell's failure to adequately train its employees, including Defendant Hall, the Defendant KellWell violated Plaintiffs' constitutional rights, directly and proximately causing them serious injuries.

55. As Jailer, Defendant Morris, was a final policymaker and had an oversight responsibility for ensuring that employees and contractors entering the PCDC, including Defendant Hall, were properly trained in the United States Constitution to make sure the inmates that he was responsible for were cared for and not intentionally harmed.

56. Defendants KellWell and Morris were on actual or constructive notice that the failure of supervision and retention of a dangerous employee/contractor like Defendant Hall was substantially certain to result in the violation of the constitutional rights of those inmates, including Plaintiffs.

57. Upon information and belief, Defendants KellWell and Morris either encouraged, allowed, ratified, acquiesced, or looked the other way leading to the specific incidents that harmed Plaintiffs.

*Municipal/Organizational Liability Theories (against Defendants Pike County Fiscal Court/Brian Morris*

58.  Paragraphs 1-57 above are incorporated herein by reference and made this Paragraph 58.

59.  Defendant Pike County Fiscal Court, both as an organization and acting through its final policymakers, like Brian Morris, were both directly responsible for Plaintiffs' injuries due to their failure (a) to adequately train and supervise PCDC's officers, employees, and contractors (b) to adequately and properly staff PCDC and provide it with resources necessary to serve the needs of persons like Plaintiffs, and (c) to implement policies, customs, and practices to prevent – or to investigate, discover, and change or abolish the policies, customs, and practices responsible for – the mistreatment Plaintiffs endured.

60.  Upon information and belief, Plaintiffs treatment by Defendants was not unusual, but was part of a continuing policy, pattern and/or practice of Defendants of willfully and deliberately ignoring the Constitutional Rights of inmates of PCDC. Such conduct is the result of customs and practices of Pike Count Fiscal Court and the individual Defendants named herein, either written or unwritten, which are systematically applied to all inmates. Such practices constitute an arbitrary use of government power, and evince a total, intentional, deliberate and unreasonable disregard for the indifference to the health, lives, and constitutional and common law rights of inmates at PCDC, including Plaintiffs, and the wholesale violations of those rights likely to result from the regular and systematic pursuit of such practices.

## COUNT II –NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61.  Paragraphs 1 – 60 above are incorporated hereby by reference and made this Paragraph 61.

62. Defendant Hall's treatment of Plaintiffs was so beyond the bounds of human decency that it exemplifies the tort of outrage, also known as intentional infliction of emotional distress.

63. Defendants' PCDC, Morris, and KellWell, knew or should have known of Defendant Hall's treatment of female inmates, including Plaintiffs, and the substantial likelihood that such treatment would directly and proximately cause Plaintiffs to sustain severe emotional distress.

64. As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged in an amount exceeding the jurisdictional limits of this Court.

## COUNT III – ASSAULT AND BATTERY

65. Paragraphs 1 – 64 above are incorporated hereby by reference and made this Paragraph 65.

66. While Plaintiffs were in the care, custody, and control of Defendants, PCDC, Morris, and KellWell, Defendant Hall assaulted, battered, sexually assaulted and sodomized Plaintiffs by requiring them to engage in non-consensual sexual acts and all of which caused Plaintiffs physical, mental, and emotional pain and suffering.

67. Defendant Hall knowingly violated the law and was plainly incompetent.

68. As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged in an amount exceeding the jurisdictional limits of this Court.

## COUNT IV – NEGLIGENCE

69. Paragraphs 1 – 68 above are incorporated hereby by reference and made this Paragraph 69.

70. Defendant KellWell negligently hired, supervised, and retained Defendant Hall by (a) failing to care for and ensure the safety of Plaintiffs while working on the kitchen service at PCDC; (b) failing to properly train, supervise, discipline, retain, hire, and/or discharge their employees/agents and/or representatives; (c) placing Defendant Hall in a supervisory position over Plaintiffs wherein he could use his authority to harass, intimidate, and coerce females inmates, such as Plaintiffs, into illegal use of drugs and alcohol and unwanted sexual assaults. As a direct and proximate result, Plaintiffs have sustained general and special damages in an amount in excess of the jurisdictional limits of this Court.

71. Defendant Hall's actions violate KRS 510.040 thru 510.070 and 510.110 and constitute *negligence per se.*

72. The injuries alleged in this cause of action are the direct and proximate result of official policy, custom, and practices of Defendants and each of them is individually and/or jointly and severally liable to Plaintiffs for their physical injuries, emotional distress, and other compensatory and punitive damages caused thereby in an amount to be determined by a jury.

73. As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged in an amount exceeding the jurisdictional limits of this Court.

## COUNT V – RESPONDEAT SUPERIOR

74. Paragraphs 1 – 73 above are incorporated hereby by reference and made this Paragraph 74.

75. At the time Defendant Hall committed these acts toward female inmates, including Plaintiffs, he was an employee, agent, servant, and/or representative of Defendants Kell Well, Morris, and PCDC and was acting within the course and scope of his employment with these Defendants.

76. Based upon the employee-employer, master-servant, agency, and/or representative relationship which existed between Defendant Hall, and Defendants KellWell, Morris, and PCDC at the times complained of herein, the Defendants, KellWell, Morris, and PCDC are vicariously liable for the negligent of Defendant Hall under the principle of Respondeat Superior.

77. As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged in an amount exceeding the jurisdictional limits of this Court.

## DAMAGES

78. Paragraphs 1 – 77 above are incorporated herein by reference and made this Paragraph 78.

79. Plaintiff Carnes' injuries were unnecessary and preventable, and she suffered mental and physical pain and suffering as a result of Defendants' conduct, for which she is entitled to recover damages. Plaintiff Carnes also suffered severe emotional trauma and distress. Finally, Defendants' violations of Plaintiff Carnes' constitutional and common law rights were cruel, malicious, reckless, grossly negligent, and evinced a total and reckless disregard for those rights, entitling Plaintiff to recover punitive damages from Defendants in order to deter such conduct in the future.

80. Plaintiff Brown's injuries were unnecessary and preventable, and she suffered mental and physical pain and suffering as a result of Defendants' conduct, for which she is entitled to recover damages. Plaintiff Brown also suffered severe emotional trauma and distress. Finally, Defendants' violations of Plaintiff Brown's constitutional and common law rights were cruel, malicious, reckless, grossly negligent, and evinced a total and reckless disregard for those rights, entitling Plaintiff to recover punitive damages from Defendants in order to deter such conduct in the future.

81. Plaintiff Hall's injuries were unnecessary and preventable, and she suffered mental and physical pain and suffering as a result of Defendants' conduct, for which she is entitled to recover damages. Plaintiff Hall also suffered severe emotional trauma and distress. Finally, Defendants' violations of Plaintiff Hall's constitutional and common law rights were cruel, malicious, reckless, grossly negligent, and evinced a total and reckless disregard for those rights, entitling Plaintiff to recover punitive damages from Defendants in order to deter such conduct in the future.

82. Plaintiff Conn's injuries were unnecessary and preventable, and she suffered mental and physical pain and suffering as a result of Defendants' conduct, for which she is entitled to recover damages. Plaintiff Conn also suffered severe emotional trauma and distress. Finally, Defendants' violations of Plaintiff Conn's constitutional and common law rights were cruel, malicious, reckless, grossly negligent, and evinced a total and reckless disregard for those rights, entitling Plaintiff to recover punitive damages from Defendants in order to deter such conduct in the future.

**WHEREFORE,** Plaintiffs Brittany Carnes, Keshia Brown, Valerie Hall, and Ashley Conn request a trial by jury, and each Plaintiff further requests she be awarded: **(a)** actual damages for **(i)** past mental and physical pain and suffering, **(ii)** future mental and physical pain and suffering; **(b)** punitive damages; **(c)** costs; **(d)** attorneys' fees under 42 U.S.C. § 1988 and any other applicable provisions of law; **(e)** pre- and post-judgement interest on all sums awarded; **(f)** appropriate permanent injunctive relief to address the systemic failures set forth in this Complaint; and **(g)** all other relief to which Plaintiffs are entitled under law or in equity.

        JOHNSON LAW FIRM, P.S.C.
        229 MAIN ST.
        P.O. BOX 1517
        PIKEVILLE, KY  41502
        TELEPHONE: (606) 437-4488

By: */s/ William R. Johnson*
   WILLIAM R. JOHNSON
   billy@billyjohnsonlaw.com
   KY Bar ID: 87321
   JULIE ANN SHARP
   julie@billyjohnsonlaw.com
   KY Bar ID: 90089
   BRITTNEY N. SCHAEFFER
   brittney@billyjohnsonlaw.com
   KY Bar ID: 96115