UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION
CIVIL ACTION NO.: 7:22-CV-00031-REW

-*Electronically Filed*-

BRITTANY CARNES, KESHIA BROWN,
VALERIE HALL, and ASHLEY CONN                                                PLAINTIFFS

v.   **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE**

JORDAN HALL,
KELLWELL FOOD MANAGEMENT, INC.,
PIKE COUNTY FISCAL COURT d/b/a Pike County
Detention Center, and BRIAN MORRIS, Individually and
in his official capacity as Jailer of Pike County, Kentucky                  DEFENDANTS

***** ***** *****

Comes the Defendant, Brian Morris, Individually, (hereinafter "Defendant") by counsel, and files this Reply in support of his Motion to Exclude Plaintiffs' experts for failure to comply with the Federal Rules of Civil Procedure and the Scheduling Order entered by the Court.

## ARGUMENT

Counsel for Plaintiff in his response to Defendant's motion to exclude asserts that due to a time crunch between him being retained and the deadline for the expert disclosures, he was unable to provide an expert report. [DE 109, at pg. 1-2] Defendant is not entirely unsympathetic; however, Defendant was placed in a similarly difficult position.

Plaintiffs were required, per this Court's Order, to disclose their expert witnesses by October 27, 2023. [DE 102, at pgs. 1-2.] Defendant's deadline was then three weeks later on November 17, 2023. [DE 90.] Defendant felt compelled to challenge the Plaintiff's deficient disclosure; however, Defendant did not believe that challenge could be resolved in the short time

frame between Plaintiff's disclosure and the due date of defendants' disclosures. Defendant further could not presume the outcome of the motion and risk having no rebuttal expert identified if the motion to exclude was unsuccessful. It seemed those circumstances put Defendant in the dual position of having to simultaneously pursue the motion to exclude and identify a potential rebuttal expert witness as a precaution. Yet, with respect to preserving a rebuttal expert, Plaintiff's deficient expert disclosure naturally stymied and impeded Defendant from making a fully compliant expert discovery disclosure. Defendant accordingly made a disclosure to the same extent and on the same terms as Plaintiff without waiving his motion to exclude Plaintiff's expert.

Plaintiff's response further suggests that Defendant can simply depose her expert to remedy any deficiency with her expert disclosure. Expecting opposing counsel to first learn the source and foundation for the expert's opinions during the deposition itself is far too late. To meaningfully scrutinize the expert's opinions when deposed, opposing counsel must be able to research the cited grounds and foundation in advance to identify potential weaknesses for examination. Witnesses qualify as experts as a result of specialized knowledge, skill, experience, training, or education. Given their specialization, advance preparation by opposing counsel is critically necessary to conduct an informed and competent deposition. Plaintiff expects Defendant, while in the course of deposing Plaintiff's expert, to simultaneously determine the grounds for the expert's opinions, detect any flaws or misconceptions based upon counsel's limited lay knowledge, and then formulate questions on the fly to expose such flaws or misconceptions. That level of prejudice to Defendant is exactly what Rule 16(a)(2)(B) is meant to protect against.

Plaintiff cites *Burke v. U-Haul Int'l*, No. CIV.A. 3:03CV32H, 2004 WL 5499520, at *2 (W.D. Ky. Dec. 7, 2004) as the singular case in support of their position; however, that case actually illustrates how Plaintiff's deficient expert disclosures have placed Defendant into a precarious

position. As the *Burke* Court observes, "the purpose of Rule 26(a)(2)(B) essentially is twofold – to eliminate unfair surprise to an opposing party and to conserve resources." *Id.* The Court continues to find the requirement that an expert report contain a complete statement of all opinions and the basis therefore is included in Rule 26(a)(2)(B) in order to avoid the disclosures of sketchy and vague expert information." *Dunkin' Donuts, Inc. v. Patel*, 174 F.Supp.2d 202, 211 (D.N.J.2001) (*citing Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (6th Cir.1996)).

Plaintiff clearly did not comply with Rule 26(a)(2)(B) and Defendant is left guessing as to the foundational basis of the expert's opinion. Additionally, Plaintiff cited the *Burke* decision for the assertion that courts disfavor the harsh remedy of excluding an expert. [DE 109, at pgs. 2-3.] However, the Court was merely analyzing a circuit splisst, with some circuits requiring automatic exclusion while others a lesser sanction. *Burke*, CIV.A. 3:03CV32H, 2004 WL 5499520 *3-4. The Sixth Circuit has found "the exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004). As argued in Defendant's motion, the non-disclosure here was neither justified nor harmless. Accordingly, the testimony of Dr. John W. Johnson, Ph.D., must be excluded.

## **CONCLUSION**

For the reasons stated herein, Defendant's motion to exclude expert testimony should be granted.

       Respectfully submitted,

       STURGILL, TURNER, BARKER & MOLONEY, PLLC

By: /s/ *Derrick T. Wright*
   L. Scott Miller [KBA #91232]
   Derrick T. Wright [KBA #91627]
   333 W. Vine Street, Suite 1500
   Lexington, KY  40507
   smiller@sturgillturner.com
   dwright@sturgillturner.com
   T: (859) 255-8581
   COUNSEL FOR DEFENDANT,
   BRIAN MORRIS, Individually

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all participants.  Additionally, the foregoing was served via U.S. Mail to:

Valerie Hall
537 Deadening Fork
Pikeville, KY 41501

By: /s/ *Derrick T. Wright*
   Derrick T. Wright
   COUNSEL FOR DEFENDANT,
   BRIAN MORRIS, Individually

4865-4814-7863, v. 1